**BLD-022**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2851
_____

IN RE: LIRONG XU,
                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 2-24-cv-04094, 2-24-cv-04113,
2-24-cv-04115, 2-24-cv-04116, 2-24-cv-04117 & 2-24-cv-04141)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 31, 2024

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: November 8, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Lirong Xu has filed a mandamus petition relating to a series of civil actions that

she filed in August of 2024.[1]  These actions appear to relate to a landlord-tenant dispute,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Xu's name appears as "Lirong Xu" on the docket for each of these actions except for
E.D. Pa. Civ. No. 2-24-cv-04113, in which it appears as "Liron Xu."  Xu's son Shuao
Chen also is a plaintiff in E.D. Pa. Civ. No. 2-24-cv-04117.

to her son Chen's criminal conviction, and to litigation over these matters in Pennsylvania state court.

Xu seeks several forms of relief relating to these actions. Her primary complaint appears to be that she cannot verify the accuracy of the electronic signatures provided by the presiding District Judges or of defendants' counsel. In that regard, she asks that we order the district courts to provide a "verification mechanism" for those signatures. She also complains about other matters, including the sealing of filings relating to allegations of judicial misconduct, the representation of certain defendants by the Administrative Office of the Pennsylvania Courts rather than the Pennsylvania Attorney General, and purported delays in ruling on her motions.

"The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Labs., 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). We have the discretion to grant it only if the petitioner shows: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." Id. (cleaned up).

Xu has not satisfied that standard here. Among other things, we perceive no irregularity with the electronic signatures and no need to provide a "verification mechanism." We also perceive no other procedural irregularity that might warrant mandamus relief. To the extent that Xu complains of various rulings, she has not shown that an appeal after final judgment would be an inadequate remedy. See id. at 385.[2] And

---

[2] In E.D. Pa. Civ. No. 2-24-cv-04117, Xu and Chen raise claims regarding Chen's

2

to the extent that she complains of purported delays in ruling on her motions, we perceive no need for relief given the relatively short time that those motions have been pending. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We are confident that the district courts will continue to rule on Xu's motions in due course.

For these reasons, we deny the mandamus petition.

---

Pennsylvania conviction of sexual assault, which resulted in an order of his removal to China. The District Court denied their motion to stay Chen's removal, and Xu attaches a copy of that order to her mandamus petition. Xu does not raise any argument addressed to that order. We note, however, that we already have denied Chen's motion to stay his removal and have dismissed his petition for review of his removal order in C.A. No. 24-2571. We later dismissed Xu's and Chen's interlocutory appeal of the same District Court order and denied their motion to stay Chen's removal in C.A. No. 24-2528.